## WILLIAM BRANCH v. BOYER & GILFILLAN MOTOR COMPANY, INC.

142 N. W. (2d) 727.

January 14, 1966—No. 39,526.

*Lasley & Foster,* for appellant.
*Kempf & Ticen,* for respondent.

SHERAN, JUSTICE.

Appeal from an order of the municipal court denying a motion for a new trial or for a reduction of the verdict.

The trial theory advanced by plaintiff was that defendant, having taken possession of plaintiff's truck pursuant to an agreement to repair it within 2 weeks, withheld it for 26 weeks and negligently permitted four wheels with mounted tires to be stolen from it during the interval. The prayer for relief was for $2,600. Of this, $2,000 was claimed as damage for failure to perform the contract within the time agreed upon, the remaining $600 representing the value of the wheels and tires. There was clear evidence that the value of the removed parts of the truck was $600 as claimed. There was also adequate evidence to show that the rental value of the truck was in the amount of $3 per hour. A 24-week loss of the truck at $3 per hour for a 40-hour week amounts to $2,880, but there was no contract for its use during this entire period. The proof that there would have been constant demand for the hire of the truck during the winter of 1959-1960, when the loss allegedly occurred, and evidence of lost wages in an amount sufficient to bring the total damage to the $3,638 fixed in the verdict was tenuous.

Although we do not agree with defendant's contention that the verdict returned was so excessive as to reflect passion and prejudice vitiating a finding of liability or that the verdict returned was wholly without support in the evidence, it is our opinion, viewing the record as a whole, that the verdict should be reduced. If plaintiff files in this court his consent to a reduction of the verdict to the amount of $2,600 within 10 days from date hereof, the order of the municipal court denying defendant's alternative motion will stand affirmed. Otherwise, a new trial shall be had on all issues.

In view of the disposition we have made of this appeal, there shall be no taxation of disbursements by either party.[1]

Affirmed upon condition.

---

[1] L. 1965, c. 608, amending Minn. St. 607.01, provides in part: "Subd. 2. In all cases the prevailing party shall be allowed his disbursements necessarily paid or incurred unless otherwise ordered by the court."